IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mark Moyers, | ) | C/A NO. 3:09-2983-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER DENYING** |
| v. | ) | **MOTION FOR** |
| | ) | **PRELIMINARY INJUNCTION** |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on the *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On June 30, 2010, the Magistrate Judge issued a Report recommending that Petitioner's motion for preliminary injunction be denied. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on July 7, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

1

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Therefore, the court adopts the Report with the below-noted elaboration.

As recently held by the Supreme Court and the Fourth Circuit Court of Appeals, to qualify for injunctive relief, Petitioner must show (1) likelihood he will succeed on the merits; (2) likelihood he will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in his favor; and (4) that the injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. __ , 129 S. Ct. 365, 374 (2008); *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. __ , 130 S. Ct. 2371 (2010).[1]

---

[1] In *Real Truth*, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. *See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court recently vacated *Real Truth* and remanded the case for further consideration in light of *Citizens United v. Federal Election Comm'n*, 558 U.S. ___, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. *See Real Truth About Obama, Inc. v. FEC*, 558 U.S. __, 130 S. Ct. 2371 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, *inter alia*, the portion of the 2009 opinion setting forth the *Winter-Real Truth* preliminary injunction standard. *See Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010).

The *Winter-Real Truth* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. *Real Truth*, 575 F.3d at 345; *see also Winter v. NRDC*, 129 S. Ct. at 375-76. This standard compels the moving party to show that he is *likely* to prevail. Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. *Compare Real Truth*, 575 F.3d at 346 *with Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977).

Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. To meet this test, the party must show more than a mere *possibility* of harm. *Winter*, 129 S. Ct. at 375-76. Third, the moving party must show that the balance of equities tips in his favor. *Id*. at 374, 378. Fourth, the district court must consider whether grant or denial of the injunction is in the public interest. The court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 376-77; *Real Truth*, 575 F.3d at 347. The Fourth Circuit no longer recognizes a "flexible interplay" among these criteria. Instead, each requirement must be fulfilled as articulated. *Id*. (quoting *Blackwelder*, 550 F.2d at 196).

In considering the four factors above, neither Petitioner's motion nor his objections meet any of the elements of the test above. Therefore, for the reasons stated by the Magistrate Judge and as Petitioner fails to make a clear showing of irreparable harm, Petitioner's motion is **denied**.[2]

---

[2]Respondent argues, *inter alia*, that Petitioner is currently a fugitive and that even if he is not a fugitive, this § 2254 application is untimely. Petitioner contends in his application for relief that he is "in custody" pursuant to an appeal bond issued in his case.

The South Carolina Rules of Appellate Procedure provide that "[n]o stay of any sentence in a criminal case which has been affirmed by the judgment of an appellate court shall be granted, except by order of an appellate court, or a judge or justice thereof . . . ." SCRAP 230(b). Aside from Petitioner's contention that the remittitur never was filed with the Bamberg County Clerk of Court (and therefore his appeal is not "complete"), Petitioner also argues that in order to create a duty for him to report for service of his sentence, the state must seek an "Order of Incarceration" from the trial court. Obj. at 2 (Dkt. # 25, filed July 7, 2010). Additionally, Petitioner argues that "one cannot be a fugitive from process which is not merely voidable but which is void." *Id*. at 3.

Petitioner seeks additional time to respond to Respondent's motion for summary judgment in his objections. *See* Obj. at 1 (Dkt. # 25, filed July 7, 2010). Petitioner's current deadline to respond is August 6, 2010. Petitioner's request is granted in part and denied in part. Petitioner's deadline for responding to Respondent's motion for summary judgment is extended to **Friday, August 20, 2010**.

**IT IS SO ORDERED.**

                                                    s/ Cameron McGowan Currie
                                                    CAMERON McGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 19, 2010

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\09-2983 Moyers v. State of SC adopt rr as modified den prel inj.wpd

---

Attached to Respondent's motion for summary judgment is a copy of a letter from the South Carolina Attorney General to the Solicitor of the Second Circuit. Dkt. # 16-14 (filed May 3, 2010). This February 27, 2006, letter to the Second Circuit Solicitor indicates that the remittitur relating to the dismissal of Petitioner's direct appeal had been sent to the Bamberg County Clerk of Court by the South Carolina Court of Appeals, the Attorney General was closing its direct appeal file, and for the Solicitor to "[p]lease ensure that the sentence is served." *Id*. There is no evidence currently in the record of any further action by state authorities relating to the service of Petitioner's sentence.

      The court takes no position relating to Petitioner's alleged "fugitive status" absent further evidence from Respondent relating to what steps have been taken by state officials, if any, to "ensure that the sentence is served." The court agrees with Respondent, however, that if Petitioner is shown to be in willful noncompliance with an appropriate notification (order or otherwise) that he should report or have reported for service of his sentence, this petition for relief under § 2254 may be dismissed under the doctrine of "fugitive disentitlement." *See State v. Serrette*, 654 S.E.2d 554 (S.C. Ct. App. 2007); *Robinson v. Knowlin*, 2010 WL 412545 (D.S.C. 2010).

4