**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Mark Moyers | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 3:09-2983-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Motions for Summary Judgment filed by the State of South Carolina ("Respondent") [Doc. 17] and Petitioner Mark Moyers ("Mr. Moyers") [Doc. 29] who is proceeding *pro se*. The Magistrate Judge's Report and Recommendation [Doc.35], filed on January 24, 2011, recommends that Respondent's Motion for Summary Judgment be granted and that Mr. Moyers's Motion for Summary Judgment be denied. The Magistrate Judge also recommends that Mr. Moyers's Petition for a Writ of Habeas Corpus be dismissed as untimely. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report and Recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court

1

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.§636(b)(1).

After reviewing the Magistrate Judge's Report and Recommendation, the record, the applicable law and Mr. Moyers's objections, the court adopts the Magistrate Judge's Report and Recommendation, **grants** Respondent's Motion for Summary Judgment and **denies** Mr. Moyers's Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates, without a recitation, the Magistrate Judge's discussion of the facts of this case. [Doc. 35, at 2-4].

## DISCUSSION

**I.      Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) states:

A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## II.     Analysis

Mr. Moyers timely filed objections to the Magistrate Judge's Report and Recommendation. [1] [Doc. 38]. The Magistrate Judge's analysis begins by addressing Respondent's argument that Mr.

---

[1] On February 28, 2011, Mr. Moyers submitted to the court an email in which he requested permission to file an additional objection, in the form of what he calls a "letter brief", to the Report and Recommendation based on the United States Supreme Court case of *Walker v. Martin*, No. 09-996, 2011 U.S. LEXIS 1712 (Feb. 23, 2011). The court has reviewed *Walker* and has determined that the case is not likely to affect the disposition of the instant case. In *Walker*, the U.S. Supreme Court held that California's timeliness requirement for petitions for post-conviction relief rests on an "independent state ground adequate to bar habeas corpus relief in federal court" even though the requirement is not fixed by statute but is instead determined by a "'reasonableness' standard . . . ." *Walker*, 2011 U.S. LEXIS 1712, at *9. Here, the court discerns no credible challenge to South Carolina's statutory timeliness requirement for post-conviction relief, which, as the Magistrate Judge noted, "must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision." [Doc. 35, at

Moyers was not "in custody" for the purposes of habeas corpus as required by 28 U.S.C. § 2254(a). The Magistrate Judge concludes that "it would appear that Moyers remains on bond and that he is 'in custody' at this time." [Doc. 35, at 18]. The court adopts this conclusion.

The Magistrate Judge next addresses the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), its Statute of Limitations, and its underlying case law. [Doc. 35, 19-21]; 28 U.S.C. § 2244 (2011). Relying on an affidavit and supporting documents submitted by the Clerk of Court of Bamberg County [Doc. 32-1, at 1-14], the Magistrate Judge concluded that Mr. Moyers's conviction became final on February 20, 2006, the date on which the Clerk of Court received both the Remittitur and a cover letter from the South Carolina Court of Appeals. [Doc. 35, at 22]. As the Magistrate Judge noted, both of those documents were copied to both Mr. Moyers and his counsel. [Doc. 35, at 22]. Mr. Moyers has filed objections to the Magistrate Judge's conclusion that his conviction became final on February 20, 2006. [Doc. # 38]. The thrust of Mr. Moyers's numerous objections concerning the Remittitur is that he never received notice of its filing on February 20, 2006, and as a result his conviction did not become final as of that date for the purposes of habeas corpus. [Doc. 38, at 2, 3, 4, 6, 7]. Mr. Moyers filed an affidavit supporting his objections, and in his affidavit he further argues that the Remittitur did not render his conviction final because it was not time stamped. [Doc. 28-1]. After reviewing the record in this case, this court credits the affidavit submitted by the Bamberg County Clerk of Court and adopts the Magistrate Judge's conclusion concerning the date on which Mr. Moyers's conviction became final.

Furthermore, the court adopts the Magistrate Judge's conclusion with respect to the doctrine of equitable tolling as it applies to Mr. Moyers. Under this doctrine, to establish that he was

---

24] (citing S.C. Code Ann. § 17-27-45 (2010)). Again, Mr. Moyers's conviction became final on February, 20, 2006. He filed the instant petition over three years later on November 17, 2009. [Doc. 35, at 22]. Accordingly, Mr. Moyers's request for leave to file an additional objection is denied.

prevented from timely filing a habeas corpus petition, a plaintiff must show "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Mr. Moyers has not presented evidence in support

of either element required to establish that he is entitled to equitable tolling.  Accordingly, this court

adopts the Magistrate Judge's conclusion that  "Moyers's conviction became final on February 20,

2006," and that his habeas corpus petition "filed [on] November 17, 2009, is untimely." [Doc. 35,

at 22].

The Magistrate Judge next turns to a comprehensive discussion of the law outlining

the requirement that "a habeas petitioner [must] first submit his claims for relief to the state courts."

 [Doc. 35, at 22].  This discussion covers the legal doctrines of exhaustion, procedural bypass, the

manner in which exhaustion and procedural bypass are interrelated, the means by which a petitioner

may be relieved from a defaulted claim, and procedural default. [Doc. 35, at 22-29].  The court

incorporates by reference the Magistrate Judge's discussion of these doctrines and the law that

underlies them. [Doc. 35, at 22-29].  Mr. Moyers has stated objections to portions of the Magistrate

Judge's discussion. [Doc. 38, at 4, 5].  The court finds most of these objections to be non-specific[2]

because Mr. Moyers simply complains that the Magistrate Judge failed to apply the law discussed

in the Report and Recommendation to the facts of his case, and Mr. Moyers does not point to

specific instances in which the law does not apply to instant facts. [Doc. 38, at 4, 5].

---

[2]Objections to the Report and Recommendation must be specific. Failure to file specific
objections constitutes a waiver of a party's right to further judicial review, including appellate
review, if the recommendation is accepted by the district judge. *See United States v. Schronce*,
727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Magistrate
Judge's Report and Recommendation, this court is not required to give any explanation for
adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The court does discern a specific objection to the Magistrate Judge's discussion of procedural default. [Doc. 35, at 28]. Mr Moyers objects that,

> [T]he R&R fails to address the fact that P [sic] was improperly deprived of effective assistance of counsel at trial and during the first direct appeal and that under state law P could not raise those issues until the PCR stage of the appellate process, and that was unreasonably delayed by state officials and/or by actions outside of the defense. The last paragraph of page 28 fails to recognize that the only reason all of P's grounds were not addressed to state appellate courts and the state supreme court specifically is because appointed appellate counsel controlled the destiny of the first direct appeal in an ineffective way and that the only opportunity for P to address ineffective assistance of counsel is in the PCR stage of appeal and that right was unreasonably taken from P by state officials actions and inactions.

[Doc. 38, at 5]. However, it is not enough to merely claim that he was prejudiced by ineffective assistance of counsel. Mr. Moyers must also provide evidence, especially to survive summary judgment, to establish that the facts give rise to the limited circumstances under which relief will be granted for a defaulted claim. *See Granberry v. Greer*, 481 U.S. 129, 131 (1989). To make this showing and thereby "obtain review of a procedurally barred claim," Mr. Moyers must "establish[] cause for the default and actual prejudice from the failure to review the claim." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Gary v. Netherland*, 518 U.S. 152, 162 (1996). Alternatively, "A petitioner may rely on the doctrine of actual innocence." [Doc. 35, at 27]. To show "cause," Mr. Moyers must establish the existence of "some objective factor external to the defense [that] impeded counsel's efforts to comply with the state's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray v. Carrier* 477 U.S. 478, 488 (1986)). Closely connected to these objections is Mr. Moyers's argument in his motion for summary judgment that both cause and prejudice both exists in this case because,

> Respondent is exclusively responsible for the unreasonable delay of appeal at the PCR application stage, and since this delay contributed significantly to the apparent failure of Petitioner to exhaust and/or appearance of Petitioner to be procedurally defaulted as to those grounds not exhausted, the delay is sufficient to cause due to actions or due to inactions of state officials, and since genesis of the delay is outside

6

the defense, and therefore Petitioner is not procedurally defaulted and no state has adjudicated that Petitioner has incurred any procedural defaults . . . .

[Doc. 29, at 1-2].  Mr. Moyers's argument is not persuasive because beyond them he presents no evidence to establish that Respondent caused him any real delay or prejudice.  And after reviewing Mr. Moyers's Motion for Summary Judgment [Doc. 29], its supporting affidavit, and his objections, the court finds that Mr. Moyers does not specify or provide evidence of how Respondent "unreasonably" deprived him of his rights to file an appeal or Post Conviction Review applications. Mr. Moyers's statements are conclusory.  More significantly, the objections do not overcome the Magistrate Judge's ultimate conclusion, which this court adopts, that Mr. Moyers's conviction became final on February 20, 2006 upon the filing of the Remittitur with the Bamberg County Clerk of Court and that Mr. Moyers's November 17, 2009 habeas corpus petition is untimely.  [Doc. 35, at 29].

Finally, the Magistrate Judge noted that "[a]ll the claims which Moyers presented to the South Carolina appellate courts involve interpretations of the law of South Carolina and its constitution." [Doc. 35, at 29].  As the Magistrate Judge noted, 28 U.S.C. § 2241 "specifies that a prisoner is entitled to a writ of habeas corpus when he is in custody 'in violation of the Constitution or laws or treaties of the United States.'"  [Doc. 35, at 29]; 28 U.S.C. § 2241.  Therefore, this court adopts the Magistrate Judge's conclusion that Mr. Moyers is not entitled to relief because he cannot "point to a specific constitutional protection which was denied him, or show that the error in state law substantially impaired his trial's fairness or resulted in a complete miscarriage of justice . . . ." *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976), citing *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960).

**CONCLUSION**

7

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation. [Doc. 35]. Accordingly, it is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Doc. 17] is **GRANTED**, and Mr. Moyers's Motion for Summary Judgment [Doc. 29] is **DENIED**. Mr. Moyers's petition for writ of habeas corpus [Doc. 1] is hereby **DISMISSED**.

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

March 7, 2011
Greenville, South Carolina